## JOHN M. OVERSTREET, Respondent, v. H. B. BRUBAKER, Appellant.

### St. Louis Court of Appeals, February 3, 1903.

Where an action is brought upon a current account made up of a number of items, with credits of partial payments, leaving a balance unpaid, and the plaintiff a registered pharmacist, testified to the correctness of the account, the non-payment of the balance, the admission of its correctness by the defendant, the payment by the latter of the sums on account, and on cross examination acknowledged that items marked merchandise in the account consisted of whiskey sold the defendant, none of which was sold by the gallon, and part of which was sold him by the drink to be drank in the house, for which he had no prescription, but that for some of the whiskey sold he had a prescription, and when this appears to have been all the evidence and all the substantive portions of the record, it is *held* that the circuit court properly rendered judgment for the amount of the balance due on account.

Appeal from Greene Circuit Court. — *Hon. J. T. Neville,* Judge.

AFFIRMED.

*Hamlin & Mason, C. W. Hamlin* and *J. M. Harrell* for appellant.

The sale of the whiskey, as in this case confessedly illegal, can not be the basis of a valid contract and can not be enforced in a suit at law.   Friend v. Porter, 50 Mo. App. 89; Bick v. Seal, 45 Mo. App. 475; Waite v. Bartlett, 53 Mo. App. 378; Lewis v. Walker, 61 Mo. App. 550-554.   That which is prohibited by law can not be the basis of a contract.   Sprague v. Rooney, 104 Mo. 359.

*Wright Bros.* and *Wear & McGregor* for respondent.

(1)   There is no record nor any abstract in the pretended printed abstract filed, therefore, the judgment must be affirmed or appeal dismissed.   (2)   Where the appellant fails to file such an abstract or abridgement of the record as required by law or the rules of the court, the judgment will be affirmed or appeal dismissed.   Clark v. Fairley, 100 Mo. 236; Coy v. Robinson, 20 Mo. App. 462; Holloway v. City of Moberly, 18 Mo. App. 523; Western Stor. & Wash. Co. v. Glassner, 150 Mo. 426; Butler Co. v. Graddy, 152 Mo. 442; Reno v. Fitz Jarrell, 163 Mo. 412; Hohstat v. Doggs, 49 Mo. App. 158.   Even were the items for whiskey void plaintiff is entitled to judgment for the other items.   Bick v. Seal, 45 Mo. App. 481.

REYBURN, J.—For reasons beyond their control, the record upon which this case is submitted for the decision of this court must be as unsatisfactory to the

counsel therein as it is defective and deficient in not setting out the cause of action nor the full evidence introduced at the trial. The suit seems to have been brought upon a current account made up of a number of items, with credits of partial payments, leaving a balance of $44 unpaid. The plaintiff, a registered pharmacist, testified to the correctness of the account, the non-payment of the balance, the admission of its correctness by defendant, the payment by the latter of sums on account, and on cross examination acknowledged that items marked merchandise in the account consisted of whiskey sold defendant, none of which was sold by the gallon, a part of which was sold him by the drink to be drank in the house, for which he had no prescription, but for some of the whiskey sold he had a prescription. This appears to have been all the evidence and all the substantial portions of the record, and the court rendered judgment for the plaintiff. In this condition of the record we are unable to determine what part in amount or value, if any, of the account constituted an illegal and invalid consideration and improper sale of so-called merchandise, to enforce payment for which plaintiff would be remediless before a legal tribunal in this State, and for aught to the contrary shown, plaintiff might have been a licensed dramshop-keeper, and the burden of establishing the tainted character of the cause of action was manifestly thrown on defendant. Judgment will therefore be affirmed. *Bland, P. J.,* and *Goode, J.,* concur.